## ROY E. FREEMAN v. STATE.

No. A-8062.   Opinion Filed Aug. 21, 1931.
(2 Pac. [2d] 290.)

Conn Linn and H. O. Bland, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of murder, and was sentenced to life imprisonment.

The record discloses that, at the time charged, defendant, as a result of some quarrel over the use of a garage, shot and killed Charles Morton.   Morton at the time was in an automobile attempting to enter the garage, and defendant was on the running board.   In this altercation defendant himself was twice shot by the pistol in his own hands.   The theory and testimony for the state is that defendant was shot accidentally in the scuffle with Morton, while the theory of the defense is that defendant was insane at the time, and that he shot himself immediately

after shooting Morton in an attempt to commit suicide. After shooting Morton, he threw the pistol aside, and Mrs. Mary Morton, wife of Charles Morton, approached, and defendant picked up the pistol and shot her, severing the jugular vein, from which she died in a few minutes. He is prosecuted in this case for the murder of Mrs. Mary Morton. Defendant did not testify. Counsel for defendant made oral argument at the time the case was submitted, but have filed no briefs in support of the appeal.

The case was cleanly tried; the sole issue being the sanity or insanity of defendant. Upon this point a rather strong showing of mental disturbance is made.

Where a homicide is admitted, and the defense is made that defendant is not guilty of crime by reason of his insanity at the time of the homicide, the issue as to whether or not he was then sane or insane is a question of fact for the jury under proper instructions. Reed v. State, 23 Okla. Cr. 56, 212 Pac. 441. The instructions cover fully the law of insanity, and no exceptions were taken. The jury by its verdict has found the issue against defendant. There is ample evidence to support the judgment.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.